Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Kristin** | **Lee** | **Binder** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Joshua** | **Dean** | **Binder** |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the District of Idaho

Case number:
(If known)

☐ Check if this is an amended plan, and list below the sections of that plan that have been changed.

_____

# Idaho Form Chapter 13 Plan                                                                 1/19

---

| Part 1: | Notices |
|---|---|

To Debtors:    **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

To Creditors:    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the bankruptcy court. The bankruptcy court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters are of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, set out in Section 3.4. | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not included |
| 1.4 | Discharge: Debtor 1 is eligible for discharge of debts | ☑ Eligible | ☐ Not eligible |
| | Discharge: Debtor 2 is eligible for discharge of debts | ☑ Eligible | ☐ Not eligible |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

2.1    **No later than thirty (30) days after the date the bankruptcy petition is filed or the case converted to Chapter 13, debtor(s) will commence making regular payments to the trustee as follows:**

**$2,370** per **Month** for **60** months

The Applicable Commitment Period is **60** months. Debtor(s) may not pay off this plan in less than the term of the plan without notice to interested parties and an opportunity for hearing before the court unless the plan pays all allowed unsecured claims in full.

2.2    **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☐    Debtor(s) will make payments pursuant to a payroll deduction order.

☑    Debtor(s) will make payments directly to the trustee.

Debtor(s) acknowledge that if the debtor(s) is/are ever more than thirty (30) days delinquent on any payment due under this Section 2.1, upon request of the trustee, or request of the debtor(s) at any time, a payroll deduction order to debtor(s)' employer may immediately be issued.

**2.3    Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☑ Debtor(s) project income tax refunds during the term of this plan. During the Applicable Commitment Period, debtor(s) will turn over to trustee all net income tax refunds. At any time during the term of the plan, debtor(s) shall be entitled to use a tax refund to pay taxes due any other income taxing authority and/or reasonable tax return preparation fees, unless already budgeted. Upon a stipulation between the trustee and the debtor(s), approved by an order of the court, the debtor(s) may retain, in whole or in part, certain net income tax refunds during the term of the plan to facilitate the terms of this plan or to meet other reasonable and necessary needs of the debtor(s).

☐ Debtor(s) will treat income tax refunds as follows:

**2.4    Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5    The trustee, for cause, may defer not more than two monthly payments per calendar year and not more than four payments over the term of the plan, without further notice to parties or a hearing before the court.**

Part 3:    **Treatment of Secured Claims**

**3.1    Maintenance of payments and cure of default, if any.**

*Check one*.

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below in equal monthly installments over the term of the plan.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**For each creditor listed in this section 3.2 the debtor(s) will serve notice on such creditor as required in Bankruptcy Rule**

7004 and file a proof of service with the court. Request for valuation of security in which creditors hold an interest must be made consistent with Rule 3012.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|
| One Main Financial | $4,439.00 | 2007 Honda Civic 200,000+ miles | $1,975.00 | $0.00 | $1,975.00 | 4.00% | $2,182.20 |
| Wells Fargo Dealer Services | $9,945.00 | 2013 Kia Optima LX 152,000 miles | $5,288.00 | $0.00 | $5,288.00 | 4.00% | $5,843.16 |

3.3  **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*

   ✓  **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4  **Lien avoidance**.

   *Check one.*

   ✓  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5  **Surrender of collateral.**

   *Check one.*

   ✓  **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6  **Adequate Protection Payments.**

   *Check one*

   ✓  **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

3.7  **Post-Petition Real Property Tax Payments.**

   *Check one.*

   ✓  **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

4.1  **General**

   Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without post-petition interest.

4.2  **Trustee's fees**

   Trustee's fees are governed and paid as provided by 28 U.S.C. § 586.

4.3  **Attorney's fees.**

   *Check one.*

   ✓  Model Retention Agreement Cases

Debtor(s)' attorney has elected to charge a fixed fee pursuant to the Model Retention Agreement, Local Rule 2016, of $ __**4,000.00**__ (not to exceed $4,000), exclusive of costs. Said attorney has received $ __**890.00**__ prior to the filing hereof and is to be paid the remaining amount in monthly payments over the initial __**2**__ months of distribution or in such longer period as is required to allow the trustee to make the set monthly installments as set forth in this plan.

☐ Non Model Retention Agreement Cases

Fees and costs to the debtor(s)' attorney in an amount to be proven and allowed by the court but not to exceed $____.
This is in addition to the fee retainer paid pre-petition in the amount of ____.
☐ a) payable in equal monthly installments over the initial ____ months of distribution, or in such longer period as is required to allow the trustee to make the set monthly installments.
☐ b) payable as funds become available.

**4.4**   **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐   **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☐   The debtor(s) estimate the total amount of other priority claims to be **$0.00** payable in equal monthly installments over the term of the plan.
☑   The debtor(s) estimate the total amount of other priority claims to be **$34,030.00** payable as funds become available after set monthly installments pursuant to the plan are made..

**4.5**   **Domestic support obligations.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1**   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata from, the funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**   **Other separately classified nonpriority unsecured claims.**

*Check one.*

☐   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
☑   The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| **Washington Collectors** | **Non-dischargeable debt owed to a governmental agency: Collections For Franklin County District Court For Traffic Tickets/Fines (Last 4 of Traffic Ticket 6238)** | $461.40 | 0.00% | $461.40 |

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| **Washington Collectors** | **Non-dischargeable debt owed to a governmental agency:Collections for Pasco Municipal Court For Traffic Tickets/Fines (Last 4 of Traffic Ticket 5452)** | **$1,871.97** | **0.00%** | **$1,871.97** |
| **Washington Collectors** | **Collections for Benton County District Court For Traffic Tickets/Fines (Last 4 of Traffic Ticket 6535)** | **$389.06** | **0.00%** | **$389.06** |
| **Washington Collectors** | **Non-dischargeable debt owed to a governmental agency:Collection for Benton County District Court For Traffic Tickets/Fines (Last 4 of Traffic Ticket 9558)** | **$324.18** | **0.00%** | **$324.18** |
| **Washington Collectors** | **Non-dischargeable debt owed to a governmental agency:Collections For Benton County District Court For Traffic Tickets/Fines (Last 4 of Traffic Ticket 6535)** | **$430.93** | **0.00%** | **$430.93** |
| **Washington Collectors** | **Non-dischargeable debt owed to a governmental agency:Collections For Franklin County District Court For Criminal Court Collections for Criminal Court Fines/Restitution** | **$1,519.49** | **0.00%** | **$1,519.49** |
| **Washington Collectors** | **Non-dischargeable debt owed to a governmental agency:Collections for Pasco Municipal Court For Criminal Court Fines/Restitution** | **$1,088.23** | **0.00%** | **$1,088.23** |
| **Washington Collectors** | **Non-dischargeable debt owed to a governmental agency:Collections for Benton County District Court  For Criminal Court Fines/Restitution** | **$761.28** | **0.00%** | **$761.28** |

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| **Washington Collectors** | Non-dischargeable debt owed to a governmental agency:Collections for Benton County District Court For Criminal Court Fines/Restitution | $2,383.62 | 0.00% | $2,383.62 |
| **Washington Collectors** | Non-dischargeable debt owed to a governmental agency:Collections for Benton County District Court For Criminal Court Fines/Restitution | $2,031.98 | 0.00% | $2,031.98 |
| **Washington Collectors** | Non-dischargeable debt owed to a governmental agency:Collections for Legal, DC Franklin, WA | $644.35 | 0.00% | $644.35 |
| **Dynamic Collectors** | Non-dischargeable debt owed to a governmental agency:Collections for Lincoln County District Court for For Traffic Tickets/Fines (Last 4 of Traffic Ticket 9429) | $2,226.46 | 0.00% | Unknown Amount |
| **Washington State Department** | Non-dischargeable debt owed to a governmental agency:For Notice Only-Department that has Suspended the Co-Debtors Drivers License. | $0.00 | 0.00% | $0.00 |
| **Alliance One** | Non-dischargeable debt owed to a governmental agency:Collections for Traffic Tickets in the State of Oregon (Last 4 of Traffic Ticket 2688) | $941.00 | 0.00% | $941.00 |
| **Municipal Services Bureau** | Non-dischargeable debt owed to a governmental agency:Collections for Traffic Tickets in the State of Oregon (Last 4 of Traffic Ticket 2961) | $512.00 | 0.00% | $512.00 |
| **Western Collection Bureau** | Non-dischargeable debt owed to a governmental agency: Collections for Traffic Tickets in the State of Oregon (Last 4 of Traffic Ticket 1179) | $368.50 | 0.00% | $362.50 |

| Part 6: | Executory Contracts and Unexpired Leases |

6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |

7.1   Property of the estate will vest in the debtor(s) upon

*Check the appliable box:*

☑   plan confirmation.
☐   entry of discharge.
☐   other: _____

| Part 8: | Nonstandard Plan Provisions |

8.1   Check "None" or List Nonstandard Plan Provisions

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 8: | Signatures |

9.1   Signatures of Debtor(s) and Debtor(s)' Attorney

X   **/s/ Kristin Lee Binder**
    **Kristin Lee Binder**
    Signature of Debtor 1

    Date       **April 24, 2019**

X   **/s/ Joshua Dean Binder**
    **Joshua Dean Binder**
    Signature of Debtor 2

    Date       **April 24, 2019**

X   **/s/ Hyrum M Zeyer**
    **Hyrum M Zeyer 8436**
    Signature of Debtor(s) Attorney

    Date       **April 24, 2019**

By filing this document, the Debtor(s), if not represented by an attorney, or debtor(s) attorney also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Idaho Form Chapter 13 Plan, other than any nonstandard provisions included in Part 8.